IN THE UNITED STATES COURT DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| URBAN SUSTAINABILITY DIRECTORS NETWORK, OAKVILLE BLUEGRASS COOPERATIVE, AGROECOLOGY COMMONS, PROVIDENCE FARM COLLECTIVE CORP., and INSTITUTE FOR AGRICULTURE AND TRADE POLICY,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, BROOKE ROLLINS, in her official capacity as Secretary of the United States Department of Agriculture, DEPARTMENT OF GOVERNMENT EFFICIENCY, AMY GLEASON, in her official capacity as Acting Administrator of the Department of Government Efficiency, UNITED STATES FOREST SERVICE, TOM SCHULTZ, in his official capacity as Forest Service Chief, NATURAL RESOURCES CONSERVATION SERVICE, AUBREY J.D. BETTENCOURT, in her official capacity as Chief of the Natural Resources Conservation Service, NATIONAL INSTITUTE OF FOOD AND AGRICULTURE, JAYE L. HAMBY, in his official capacity as Director of National Institute of Food and Agriculture, FARM SERVICE AGENCY, WILLIAM BEAM, in his official capacity as Administrator of the Farm Service Agency, AGRICULTURAL MARKETING SERVICE, and ERIN MORRIS, in her official capacity as Administrator of Agricultural Marketing Service,<br><br>*Defendants*. | Case No. 1:25-cv-01775-BAH |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

1

Plaintiffs Urban Sustainability Directors Network, Oakville Bluegrass Cooperative, Agroecology Commons, Providence Farm Collective Corp., and Institute for Agriculture and Trade Policy respectfully move, pursuant to Federal Rule of Civil Procedure 65 and this Court's inherent equitable powers, for a preliminary injunction. For the reasons presented in the accompanying statement of points and authorities, the Court should enter an order that enjoins Defendants' policy and practice of unlawfully terminating Plaintiffs' and others' grants and that restores the status quo ante, as well as any other relief the Court deems proper. The specific contours of the relief that Plaintiffs seek are provided in the accompanying proposed order.

Plaintiffs meet the standard for preliminary relief because they are likely to prevail on the merits of numerous claims, absent an injunction they will suffer irreparable harm, the equities favor an injunction, and an injunction is in the public interest. Specifically, all Plaintiffs are likely to succeed on the merits of their claims that Defendants' challenged policy and practice of terminating grant awards pursuant to 2 C.F.R. § 200.340(a)(4) based on new agency priorities violates the Administrative Procedure Act and the Due Process Clause of the U.S. Constitution. Plaintiffs Urban Sustainability Directors Network and Agroecology Commons are also likely to prevail on their claims that Defendants' conduct violates the Constitution's separation of powers, is contrary to statutory mandates, and is *ultra vires*. Without an injunction, all Plaintiffs will suffer irreparable harm because Defendants' policy and practice is undermining Plaintiffs' existing programs, as well as the livelihoods of their staff and the communities they serve. Equites and the public interest favor an injunction to prevent those harms and to ensure the government follows the law.

Plaintiffs also request that the Court exercise its discretion to dispense with requiring Plaintiffs to post a bond to obtain this relief. As detailed in the attached points and authorities, a

bond is unwarranted because it would undermine judicial relief and contravene the law, which requires Defendants to restore funding to Plaintiffs. Numerous courts have held similarly.

    Plaintiffs have attempted to fulfill their meet and confer obligations. No attorney for Defendants has put in an appearance, but Plaintiffs have contacted the U.S. Attorney's Office for the District of Columbia, the Federal Programs Branch of the U.S. Department of Justice, and the government attorneys in a similar matter against some of these same Defendants. The government attorney in the similar matter has responded that he does not know who is handling this case, but stated assigned counsel will enter an appearance in a timely fashion. Plaintiffs assume this motion will be opposed, but also request that should Defendants fail to provide a timely opposition, the Court exercise its discretion to grant *ex parte* relief.

Dated this 26th day of June 2025.

Respectfully submitted,

<u>/s/ Holly Bainbridge</u>
Holly Bainbridge
DC Bar No. 90021466 (*Pro Hac Vice*)
FarmSTAND
712 H Street NE
Suite 2534
Washington, DC 20002
202-595-8816
Email: holly@farmstand.org

David S. Muraskin
DC Bar No. 1012451
FarmSTAND
712 H Street NE
Suite 2534
Washington, DC 20002
202-595-8816
Email: david@farmstand.org

Carrie Apfel
DC Bar No. 974342
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC  20001
(202) 667-4500
capfel@earthjustice.org

Scott W. Carlson
MN Bar No. 0338400 (*Pro Hac Vice*)
Farmers Justice Center
6 Fifth Street West
Suite 650
St. Paul, MN 55102
(651) 204-1664
scott.carlson@farmersjustice.org

Benjamin E. Apple
NC Bar No. 52009 (*Pro Hac Vice*)
Farmers Justice Center
6 Fifth Street West
Suite 650
St. Paul, MN 55102
(651) 204-7203
ben.apple@farmersjustice.org

*Counsel for Plaintiffs*