UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| URBAN SUSTAINABILITY DIRECTORS NETWORK, et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> BROOKE ROLLINS, Secretary of Agriculture, et al., <br><br>        Defendants. | Civil Action No. 25-1775 (BAH) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants the Secretary of Agriculture, along with various lower-level officials and components within the Department of Agriculture, respectfully submit this answer to Plaintiffs' Amended Complaint (ECF No. 10) which alleges violations of the U.S. Constitution and the Administrative Procedure Act. 5. U.S.C. § 706. Defendants expressly deny each and every allegation in the Complaint not specifically admitted or otherwise qualified herein. Defendants reserve their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of the litigation. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

# INTRODUCTION[1]

1.      This paragraph consists of Plaintiffs' characterization of this suit and the relief requested, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

2.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

3.      The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that its actions were unlawful.

4.      This paragraph consists of Plaintiffs' characterization of the termination letters they received, which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the termination letters for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

5.      The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

6.      Defendants deny that their decision to terminate Plaintiffs' grant agreements was unlawful.  Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

---

[1]      For ease of reference, Defendants replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7.      The allegations in this paragraph are Plaintiffs' requested relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

8.      The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny that the court has subject matter jurisdiction over Plaintiffs' challenge to the Departments' termination of their grant agreements.

9.      The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to any such relief.

10.      The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that venue is proper for claims for which the Court has subject matter jurisdiction.

## PARTIES

11.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

12.      Admit.

13.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

15.      Defendants admit the first sentence.  Defendants lack sufficient information to admit or deny the allegations in the second sentence.

16.    Admit.

17.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

18.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

19.    Defendants admit this paragraph except as to the second sentence. Defendants lack sufficient information to admit or deny the allegations in the second sentence.

20.    Defendants admit this paragraph except as to whether the application process was "resource-intensive." Defendants lack sufficient information to admit or deny the allegation that the application process was "resource-intensive" for Plaintiffs.

21.    Admit.

22.    Defendants deny the first sentence in the paragraph. Defendants admit the remainder of the paragraph.

23.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

24.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

25.    Defendants admit the first, second, and fourth sentences of this paragraph. Defendants lack sufficient information to admit or deny the allegations in the third sentence of this paragraph.

26.    Admit.

27.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

28.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

29.    Admit.

30.    Admit.

31.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

32.    Admit.

33.    Admit.

34.    Deny.

35.    Defendants admit that Amy Gleason is the is the acting administrator of the U.S. DOGE Service and that she is sued in her official capacity.  Defendants otherwise deny the allegations in this paragraph.

36.    Admit.

37.    Admit.

38.    Admit

39.    Admit.

40.    Admit.

41.    Admit.

42.    Admit.

43.    Admit.

44.    Admit.

45.    Admit.

## FACTUAL BACKGROUND

I.    **USDA Awards**

46.    Admit.

47.    The allegations in this paragraph are Plaintiffs' characterization of the programs that are the subject of this lawsuit.  To the extent a response is deemed required, Defendants' respectfully refer the Court to the enabling statutes for each of the programs, which are identified in Part I(a) of the "Background" section of Defendants' memorandum in opposition to Plaintiffs motion for a preliminary injunction (ECF No. 22).  Defendants deny the allegations in this paragraph to the extent that they contradict the plain text of those statutes.

48.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

49.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

50.    Admit.

51.    Admit.

52.    Defendants deny the allegations in the final sentence of this paragraph but admit to the remaining allegations in this paragraph.

53.    Deny.

54.    Admit.

**A. Urban and Community Forestry Assistance Program**

55.    Admit.

56.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

57.    Admit.

58.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

59.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

60.    The allegations in this paragraph are Plaintiffs' characterizations of a Notice of Funding Opportunity ("NOFO"). Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

61.    Admit.

62.    Admit.

63.    Defendants deny that the Urban Forestry Assistance Program was intended to "increase equitable access to urban tree canopy in disadvantaged communities." Defendants admit the remaining allegations in this paragraph.

**B. Partnerships for Climate-Smart Commodities**

64.    Admit.

65.    The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

66.    The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

67.    The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

68.    Admit.

69.    Admit.

70.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

71.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

72.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

**C. Community Food Projects Competitive Grants Program**

73.    Admit.

74.    The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

75.     The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

76.     The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

77.     Admit.

78.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

79.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

80.     Admit.

**D. Increasing Land, Capital, and Market Access Program**

81.     The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

82.     The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

83.     The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

84.     Defendants admit the first sentence of the paragraph. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

85.     Admit.

86.     Admit.

**E. Beginning Farmer and Rancher Development Program**

87.     The allegations in this paragraph are Plaintiffs' characterizations of statutes. Defendants respectfully refer the Court to the cited statutes as the best evidence of their contents and deny any allegations or characterizations inconsistent with the statutes' plain text.

88.     Defendants admit the first sentence of the paragraph. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

89.     The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

90.     The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

91.     The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the

best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

92.    Admit.

93.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

**F. Regional Food Systems Partnership Program**

94.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

95.    The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

96.    Admit.

**G. Regulations Applicable to Termination of Awards**

97.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

98.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

99.     The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

100.    Admit.

101.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

102.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

103.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

104.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

105.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence

of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

106.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

107.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

108.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

109.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

110.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

111.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

112.    The allegations in this paragraph are Plaintiffs' characterizations of a Federal Register notice.  Defendants respectfully refer the Court to the notice as the best evidence of its contents and deny any allegations inconsistent therewith.

113.    The allegations in this paragraph are legal conclusions to which no response is required.

114.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

115.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

116.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

117.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

118.    The allegations in this paragraph are Plaintiffs' characterizations of federal regulations.    Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

## II.    Defendants' Termination of Federal Awards

### A. Executive Orders

119.    The allegations in this paragraph are characterizations of unidentified Executive Orders to which no response is required.

120.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

121.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

122.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

123.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

124.    The allegations in the first sentence of this paragraph are Plaintiffs' characterizations of an executive order.    Defendants respectfully refer the Court to the cited

executive order as the best evidence of its contents and deny any allegations inconsistent therewith. Defendants deny the allegations in the second sentence.

125.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

126.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

127.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

128.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

129.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

130.    The allegations in this paragraph are Plaintiffs' characterizations of an executive order.  Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

## B. Defendants' Termination of Awards

131.    The allegations in this paragraph are Plaintiffs' characterizations of press releases. Defendants respectfully refer the Court to the cited press releases as the best evidence of their contents and deny any allegations inconsistent therewith.

132.    Deny.

133.    Admit.

134.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

135.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

136.    Admit.

137.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

138.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

139.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

140.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter and Federal regulations.  Defendants respectfully refer the Court to the cited termination letter and Federal regulations as the best evidence of their contents and deny any allegations inconsistent therewith.

141.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

142.    Defendants admit the first two sentences of this paragraph.  Defendants deny the third sentence of this paragraph.

143.    Admit.

144.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

145.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

146.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

147.    Admit.

148.    Admit as to everything in this paragraph except the last sentence, which Defendants deny.

149.    Admit.

150.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

151.    The allegations in this paragraph are Plaintiffs' characterizations of a social media post.  Defendants respectfully refer the Court to the cited social media post as the best evidence of its contents and deny any allegations inconsistent therewith.

152.    Deny.

153.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

154.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

155.    Admit as to everything in this paragraph except the first and last sentence, which Defendants deny.

156.    Admit.

157.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

158.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

159.    Admit as to everything in this paragraph except the last sentence, which Defendants deny.

160.    Admit.

161.    The allegations in this paragraph are Plaintiffs' characterizations of a termination letter.  Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

162.    Admit.

163.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

164.    Admit.

165.    Deny.

166.    Deny.

167.    Admit.

168.    Admit.

169.    The allegations in this paragraph are Plaintiffs' characterizations of a government website.  Defendants respectfully refer the Court to the website as the best evidence of its contents and deny any allegations inconsistent therewith.

170.    The allegations in this paragraph are Plaintiffs' characterizations of a government website.  Defendants respectfully refer the Court to the website as the best evidence of its contents and deny any allegations inconsistent therewith.

172.    The allegations in this paragraph are Plaintiffs' characterizations of a government website.  Defendants respectfully refer the Court to the website as the best evidence of its contents and deny any allegations inconsistent therewith.

173.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.  Defendants lack sufficient information to admit or deny some of the allegations in the last three sentences of this paragraph.

**FIRST CAUSE OF ACTION**
**Violation of Due Process Clause**
**By All Plaintiffs Against All Defendants**

174.    The responses to all preceding paragraphs are incorporated by reference herein.

175.    Admit.

176.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

177.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

178.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

179.    Admit.

180.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

181.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

182.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION
**Violation of Due Process Clause – Void for Vagueness**
**By All Plaintiffs Against All Defendants**

183.    The responses to all preceding paragraphs are incorporated by reference herein.

184.    The allegations in this paragraph are legal argument to which no response is required.

185.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

186.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

187.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

188.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

189.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

190.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## THIRD CAUSE OF ACTION
### Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### Agency Action Not in Accordance with Law (Uniform Guidance, 2 C.F.R. § 400.1)
### By All Plaintiffs Against All Defendants

191.    The responses to all preceding paragraphs are incorporated by reference herein.

192.    Admit

193.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

194.    The allegations in this paragraph are legal argument to which no response is required.

195.    The allegations in this paragraph are legal argument to which no response is required.

196.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

197.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

198.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

199.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

200.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

201.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## FOURTH CAUSE OF ACTION
**Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**Agency Action that is Arbitrary and Capricious and an Abuse of Discretion**
**By All Plaintiffs Against All Defendants**

202.    The responses to all preceding paragraphs are incorporated by reference herein.

203.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

204.    The allegations in this paragraph are legal argument to which no response is required.

205.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

206.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

207.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

208.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION
### Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### Agency Action Not in Accordance with Law (Cooperative Forestry Assistance Act of 1978 and Inflation Reduction Act of 2022)
### By USDN Against USDA and USFS; By AC Against USDA and FSA

209.    The responses to all preceding paragraphs are incorporated by reference herein.

210.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

211.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

212.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required Defendants admit the allegations in this paragraph but deny that they failed to comply with their statutory mandate.

213.    Admit.

214.    Defendants admit that the grants were terminated because they no longer effectuated agency priorities.  Defendants otherwise deny the allegations in this paragraph.

215.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

216.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

217.    The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

218.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required Defendants admit the allegations in this paragraph but deny that they failed to comply with their statutory mandate.

219.    Admit.

220.    Deny.

221.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

222.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

223.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

224.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SIXTH CAUSE OF ACTION
### Violation of Separation of Powers
### By USDN Against USDA and USFS; By AC Against USDA and FSA

225.     The responses to all preceding paragraphs are incorporated by reference herein.

226.     The allegations in this paragraph are legal argument to which no response is required.

227.     The allegations in this paragraph are legal argument to which no response is required.

228.     The allegations in this paragraph are legal argument to which no response is required.

229.     The allegations in this paragraph are Plaintiffs' characterizations of the 2022 appropriation to the Urban Forestry Assistance Program.  Defendants respectfully refer the Court to that appropriation at Section 23003(a)(2) of the Inflation Reduction Act, Pub. L. No. 117-169, 136 Stat. 1818 (Aug. 16, 2022) and deny any allegations inconsistent therewith.

230.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

231.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

232.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

233.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Ultra Vires Action**
**By USDN Against USDA and USFS**

234.    The responses to all preceding paragraphs are incorporated by reference herein.

235.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

236.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

237.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

238.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## REQUESTS FOR RELIEF

The remaining allegations in the complaint are Plaintiffs' requests for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## <u>DEFENSES</u>

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENESE

Defendants did not deprive Plaintiffs of any constitutionally protected interests.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' challenge to their grant terminations because those grants are contracts and breach of contract claims against the federal government must be brought in the Court of Federal Claims.

**THIRD DEFENSE**

All actions taken by Defendants with respect to Plaintiffs were rendered in accordance with law, in good faith, and are supported by the administrative record.

**FOURTH DEFENSE**

Plaintiffs lack standing to challenge the termination of any grants other than their own grants.

**FIFTH DEFENSE**

All actions taken by Defendants were supported by substantial evidence.

**SIXTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: August 29, 2025           Respectfully submitted,
      Washington, DC

                                   JEANINE FERRIS PIRRO
                                   United States Attorney

                              By: _____*/s/ John J. Bardo*_____
                                   JOHN J. BARDO, D.C. Bar #1655534
                                   Assistant United States Attorney
                                   601 D Street, NW
                                   Washington, DC 20530
                                   (202) 252-2539

                                   *Attorneys for the United States of America*