UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| URBAN SUSTAINABILITY DIRECTORS NETWORK et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-01775-BAH |

**DECLARATION OF HOLLY BAINBRIDGE IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

I, Holly Bainbridge, declare as follows:

1. I am an attorney at FarmSTAND, one of the law firms representing Plaintiffs in the above-captioned action. This declaration is based on my personal knowledge, and if called to testify, I could testify competently to the matters described below.

2. On August 6, 2025, the Court held a hearing on Plaintiffs' motion for a preliminary injunction and motion for expedited discovery. A true and correct copy of relevant excerpts of the hearing transcript (pages 64, 66, 72) are attached hereto as Exhibit A.

3. On September 24, 2025, I emailed defense counsel with a list of categories of documents Plaintiffs believe to be missing from the Administrative Record. A true and correct copy of that email is attached hereto as Exhibit B.

4. On September 30, 2025, defense counsel responded via email that USDA "anticipates that they are going to be able to supplement many of the items you listed in your September 24,

1

email" and that USDA "need[ed] time to locate all of these documents." A true and correct copy of that email is attached hereto as Exhibit C.

5. I emailed defense counsel again following the end of the government shutdown on November 13, 2025, with a letter that: (i) reiterated the categories of documents in my September 30th email that Plaintiffs believed to exist and were missing from the Administrative Record; (ii) identified specific missing documents, which in the parties' subsequent meet and confer Defendants acknowledged were in their possession, and (iii) listed likely custodians of additional documents that should be included in the Administrative Record. Included with the letter was a U.S. Department of Agriculture ("USDA") Budget Office policy document that discusses the process for grant terminations. A true and correct copy of that email and the attached letter are attached hereto as Exhibit D.

6. On November 24, 2025, I followed up with defense counsel via email because they had not yet substantively responded to the deficiencies identified in the November 13th letter. A true and correct copy of that email is attached hereto as Exhibit E.

7. In both the November 13th letter and November 24th email I referenced that the Court's impending deadline was for supplementation of the Administrative Record.

8. On December 4, 2025, at 10 PM ET[1], defense counsel responded by email that Defendants are "unable to further supplement the administrative record based on your requests in [Plaintiffs'] letter" and offered for the first time to orally meet and confer over the contents of the Administrative Record. A true and correct copy of that email is attached hereto as Exhibit F.

---

[1] The emails attached are shown in Mountain Time because of my location, but I have converted all relevant times listed herein to Eastern Time for the Court's convenience and to reflect the locations of most counsel in the case.

2

9. In an email exchange on December 5, 2025, between Plaintiffs' counsel and defense counsel, defense counsel stated that "USDA was the decisionmaker to terminate the grants but did rely on OMB guidance."

10. On December 9, 2025, the parties held a meet and confer via videoconference. In attendance were Plaintiffs' counsel, defense counsel, and in-house counsel for USDA Russell Krupen. During this meeting, when asked why Defendants failed to provide even a basic supplement of the record or offer to hold a meet and confer earlier, defense counsel's only response was that they erred and people were behind because of the government shutdown. Defense counsel did not explain differences between his prior representations that they would supplement the record and their new position. Defense counsel also did not confirm what—if any—search they had undertaken to locate documents responsive to Plaintiffs' inquiries.

11. During the December 9th meet and confer, when the parties discussed Plaintiffs' requests for any instructions provided to staff and leadership on the evaluation and termination of DEI and climate-related grants, Defendants complained both that they were unclear about what level of instruction needed to be in the Administrative Record and that there were no instructions given.

12. Also during the meet and confer, Defendants confirmed the USDA Budget Office policy document included with my November 13th letter is a document that originates from USDA and is in their possession. Defendants also acknowledged that they have Plaintiff-specific documents in their possession. But they did not explain why they failed to initially produce either the USDA Budget Office policy document or the Plaintiff-specific documents, nor why they failed to provide them as a timely supplement to the Administrative Record.

3

13. At no point during the meet and confer did Defendants mention that they misunderstood the Court-ordered December 4th deadline as merely being one for meet and confer, rather than being the deadline for the supplemented record.

14. On December 15, 2025, Plaintiffs' counsel informed defense counsel via email that Plaintiffs intended to file a motion to supplement the Administrative Record or for sanctions in the alternative, and provided defense counsel with a draft Joint Status Report ("JSR") to comply with the Court's October 2, 2025 Minute Order's requirement that the parties file a JSR by December 18, 2025. Defense counsel responded that he could not provide Defendants' position on the JSR until the morning of December 18th.

15. Around 3:15 PM ET on December 16, 2025, defense counsel called Plaintiffs' counsel and for the first time communicated that they intended to seek an extension of the Court's long-passed December 4th deadline for the supplemented Administrative Record based upon their new contention they misunderstood the Court's earlier deadline to supplement as a true deadline with which Defendants were required to comply.

16. Defense counsel gave Plaintiffs' counsel only around three hours to confer amongst themselves and state their position.

17. Plaintiffs' counsel provided Defendants a position statement within the time Defendants demanded, which identified that Plaintiffs believed Defendants' conduct was sanctionable, and should the Court desire Plaintiffs to review any supplement prior to proceeding, that Plaintiffs requested until January 12, 2026 to recommend a path forward.

18. Defense counsel then refused to include Plaintiffs' position statement in their motion, instead noting they would only state that Plaintiffs would file their own pleading conveying their position. This was despite Plaintiffs' suggesting that the filing be made in a format that would

4

satisfy the Court's order that the parties provide a JSR on further motions practice related to the Administrative Record. *See* Oct. 2, 2025 Minute Order.

19. Defendants to date have failed to provide Plaintiffs with any information as to what will be in their belated supplement to the Administrative Record.

20. A true and correct copy of the relevant portions of the Administrative Record (0010-0040) produced by Defendants on September 17, 2025, are attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of December in Tucson, Arizona.

/s/Holly Bainbridge
Holly Bainbridge

**Index of Exhibits**

| | |
|---|---|
| Exhibit A | Excerpts of transcript of August 5, 2025 hearing on motion for preliminary injunction and motion for expedited discovery |
| Exhibit B | Email from Holly Bainbridge to defense counsel dated September 24, 2025 |
| Exhibit C | Email from defense counsel to Holly Bainbridge dated September 30, 2025 |
| Exhibit D | Email and attached letter from Holly Bainbridge to defense counsel dated November 13, 2025 |
| Exhibit E | Email from Holly Bainbridge to defense counsel dated November 24, 2025 |
| Exhibit F | Email from defense counsel to Holly Bainbridge dated December 4, 2025 |
| Exhibit G | Excerpts of the Administrative Record (0010-0040) |