# Exhibit B

1:25-cv-01775-BAH

Outlook

---

**RE: Urban Sustainability v. Dep't of Agriculture - Civ. A. No. 25-1775- Administrative Record**

---

**From** Holly Bainbridge <holly@farmstand.org>
**Date** Wed 9/24/2025 3:39 PM
**To**   Bardo, John (USADC) <John.Bardo@usdoj.gov>
**Cc**   Carrie Apfel <capfel@earthjustice.org>; Scott Carlson <scott.carlson@farmersjustice.org>; Ben Apple <ben.apple@farmersjustice.org>; David Muraskin <david@farmstand.org>

Hi Jack,

We have reviewed Defendants' Administrative Record ("AR") and have identified numerous deficiencies. The AR "must include all documents that the agency directly or indirectly considered." *Am. Wild Horse Pres. Campaign v. Salazar*, 859 F. Supp. 2d 33, 41 (D.D.C. 2012). Judge Howell explained at the preliminary injunction hearing that this should include documents reflecting how USDA's March 13, 2025 directives came about (PI Hrg. Tr. at 64:2-8), and "how that process was performed to identify the grants to be terminated . . . no matter whether it was USDA personnel assisting with that identification or DOGE personnel assisting with that identification and, then, what process was pursued after that, if there was one, to terminate the grants" (*Id.* at 72:12-19). She also stated and *you agreed* that items and information we asked for in our discovery requests would also be part of the AR. PI Hrg. Tr. 66:12-19.

Accordingly, it is our position that the following documents must be added to the AR for it to be deemed complete:

- Records showing how USDA's policy to search grants for termination based on search terms came about. For instance:
    - AR 0010 shows that the policy resulted from "numerous sessions with all agencies and staff offices of the Department to provide advice on the specific goal of the Administration to terminate 'diversity, equity, and inclusion' (DEI) discrimination in the federal workforce, and in federal contracting and assistance spending." Any documents associated with these sessions, including, but not limited to meeting agendas, notes, and related emails should be included in the AR.
    - The AR also includes references to communications with other agencies including DOGE and OPM in relation to the terminations (e.g., 0021, 0040). Defendants failed to include any such communications in the AR.

- Records showing how USDA staff was instructed to fill out both the DEI (0038-40) and climate spreadsheets (0025-30). For instance:
    - There is only one instructional document on these spreadsheets in the AR, which states only that awarding agencies are to fill out the DEI spreadsheet columns and thereby provide an "evaluation" of the awards. There is no further information on how they were instructed to fill out the columns, in particular, those on the "Evaluation of Award" (0026, 0040).
    - OCFO invited questions via email related to the spreadsheet data calls (e.g., 0022, 0023, 0031). No such emails were included in the AR, despite those emails likely including

- instruction from the agency on identification of awards and how to fill out the spreadsheets.
    - The completed spreadsheets for both DEI and climate, including any subsequent searches and updated versions, to reflect Defendants' process for considering items listed on the spreadsheets.

- How and what termination decisions were made by leadership based on the spreadsheets. For instance:
    - The AR makes clear that leadership within USDA reviewed the spreadsheets and had the final say on termination (e.g., 0022, 0036), but no records were included reflecting their process for identifying which awards would be terminated.
    - The AR should include a record of agency leadership's ultimate decisions on whether to terminate each award based on the spreadsheets – *i.e.*, which awards were ultimately terminated vs. not and why.
    - All termination letters issued by USDA should be included. Judge Howell recognized this is the information sought by our discovery requests, and again, both you and her agreed they would be part of the AR. PI Hrg. Tr. 60:20-61:7; 66:12-19.

- As it relates to Plaintiffs' awards, the following record documents were omitted:
    - Notice of Funding Opportunity or equivalent document for each Plaintiff
    - Project proposals for AC's Community Food grant, PFC's grant
    - Appeal letters for all Plaintiffs other than IATP, and any response from or communications with USDA in response for all Plaintiffs
    - Any communications within USDA or with other federal agencies or officials about the decisions to terminate these particular awards
    - In relation to AC's announced termination of its Land Access grant, all records related to the USDA's announcement of the termination, internal communications confirming the decision to terminate and basis, and reasoning for the agency's failure to issue a termination notice prior to this lawsuit

Please let us know Defendants' position on this by **Monday at noon et**. If Defendants are amenable to adding these documents to the AR, we propose to file a status update with the Court explaining that meet and confer over the contents of the AR is ongoing. Otherwise, we will plan to file a motion to complete the AR.

Thanks,

# Holly Bainbridge she/her
SENIOR ATTORNEY

520.591.6803
[holly@farmSTAND.org](holly@farmSTAND.org)
farmSTAND.org

---

**From:** Carrie Apfel <capfel@earthjustice.org>
**Sent:** Wednesday, September 17, 2025 6:37 PM
**To:** Bardo, John (USADC) <John.Bardo@usdoj.gov>; Scott Carlson <scott.carlson@farmersjustice.org>; Ben Apple <ben.apple@farmersjustice.org>; David Muraskin <david@farmstand.org>; Holly Bainbridge <holly@farmstand.org>