**IN THE UNITED STATES COURT DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| URBAN SUSTAINABILITY DIRECTORS NETWORK et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, et al., <br><br> *Defendants*. | Case No. 1:25-cv-01775-BAH |

**PLAINTIFFS' NOTICE OF FACTUAL DEVELOPMENT RELATED TO GAPS
IN THE ADMINISTARTIVE RECORD**

Plaintiffs write to inform the Court that pursuant to the policy at issue here, in late-March 2026 Defendants terminated 49 of the 50 "Increasing Land, Capital, and Market Access Program" ("ILCMAP") grants, *e.g.*, AgDaily, *USDA terminates funds for 49 community-led projects* (Mar. 25, 2026),[1] which confirms the present administrative record is insufficient. Due to this Court's preliminary injunction, Plaintiff Agroecology Commons is the only ILCMAP grantee whose award was not terminated.

Defendants have admitted that these ILCMAP terminations are part of the same policy over which Plaintiffs are litigating. On information and belief, the termination letters sent to ILCMAP awardees state that the terminations were undertaken pursuant to the policy to effectuate Secretary Rollins' March 13, 2025, anti-DEI memorandum, the policy at issue here. *See* AR 0016–17

---

[1] https://www.agdaily.com/news/usda-terminates-funds-49-community-led-projects/ (last visited Apr. 2, 2026).

(demonstrating the March 13, 2025, memorandum was one of the first documents put into the administrative record).

These terminations further demonstrate that the present administrative record is incomplete. There currently is nothing in the administrative record that explains whether Defendants employed the same process for these recently-terminated grants as it did for the others. Defendants' preliminary injunction brief states that early-to-mid last year Defendants "slated for termination" Agroecology Commons' ILCMAP grant, indicating Defendants employed the same process for these terminations. Opp'n Prelim. Inj. 8, Dkt. No. 22. But, if that is so, the administrative record fails to explain what analysis (if any) occurred during the months they waited to carry out these terminations. Such evidence is relevant to the issue of whether the policy considers all relevant factors, and its inclusion would facilitate judicial review of that policy. *See City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010).

Moreover, on information and belief, the ILCMAP termination letters state that the Secretary has issued a newer memorandum regarding the agency's anti-DEI policy that supports these terminations, Memorandum 1078-021, "Establishment of USDA General Terms and Conditions for Grants, Cooperative Agreements, and Similar Arrangements," (December 2025). The administrative record is devoid not only of that memorandum, but also of records explaining how that memorandum—which by its plain terms has to do with the terms for new grants, not the termination of existing grants—informs the anti-DEI grant termination policy. The omission of these documents leaves yet another impermissible gap in the record. *Env't Def. Fund, Inc. v. Blum*, 458 F. Supp. 650, 661 (D.D.C. 1978) ("The agency may not, however, skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question.").

DATED: April 2, 2026

Respectfully submitted,

/s/ David S. Muraskin
David S. Muraskin
DC Bar No. 1012451
FarmSTAND
712 H Street NE, Suite 2534
Washington, DC 20002
(202) 595-8816
david@farmstand.org

Carrie Apfel
DC Bar No. 974342
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
capfel@earthjustice.org

Scott W. Carlson
MN Bar No. 338400 (*Pro Hac Vice*)
Benjamin E. Apple
NC Bar No. 52009 (*Pro Hac Vice*)
Farmers Justice Center
6 Fifth Street West, Suite 650
St. Paul, MN 55102
(651) 204-1664
scott.carlson@farmersjustice.org
ben.apple@farmersjustice.org

*Counsel for Plaintiffs*