**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

URBAN SUSTAINABILITY DIRECTORS
NETWORK, *et al.*,

               Plaintiffs,

               v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, *et al.*,

               Defendants.

Civil Action No. 25-1775 (BAH)

Judge Beryl A. Howell

## <u>ORDER</u>

Upon consideration of plaintiffs Urban Sustainability Directors Network, Agroecology Commons, Providence Farm Collective Corp., and Institute for Agriculture and Trade Policy's Motion for Sanctions, ECF No. 45, and Motion to Supplement the Administrative Record, ECF No. 55; the legal memoranda, declarations and exhibits submitted in support and opposition to both motions; and the entire case record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby—

**ORDERED** that plaintiffs' motion for sanctions, ECF No. 45, is **DENIED**; it is further

**ORDERED** that plaintiffs' motion to supplement the administrative record, ECF No. 55, is **GRANTED IN PART**; it is further

**ORDERED** that defendants shall supplement the administrative record as directed in the Memorandum Opinion, i.e., in Part III.A; it is further

**ORDERED** that defendants shall produce a log of all records withheld from inclusion in the administrative record on grounds of privilege, with details provided as to the basis upon which the privilege is claimed, the subject matter, number of pages, author, date created, and the identity

1

of all persons to whom the original or any copies of the document were shown or provided; it is further

**ORDERED** that defendants shall answer the two interrogatories and fulfill the two requests for production requested by plaintiffs in their Motion to Expedite Discovery, ECF No. 15, as set out below:

    a.  First Interrogatory: a description of the process by which Defendants identified and decided to terminate or did terminate Plaintiffs' Grants and any other grants for failing to effectuate or otherwise align with USDA's current priorities—the stated rationale for the terminations—including the creation of the newly articulated priorities, the conclusion that alleged noncompliance with the priorities was an appropriate basis for termination, the search for and identification of grants for potential termination on that basis, the assessment of the identified grants for compliance with the new priorities, and any other analyses of whether and when to terminate all identified grants;

    b.  Second Interrogatory: a list of all grant recipients who received termination notices containing language similar or equivalent to the termination letters received by Plaintiffs, and the grants impacted by those terminations;

    c.  First Request for Production: all documents regarding the creation, development, and execution of Defendants' policy, practice, or process of terminating grants on the basis that they no longer effectuate agency priorities, including the decision to issue the termination notices received by Plaintiffs;

    d.  Second Request for Production: all records Defendants rely on in answering the two interrogatories; it is further

**ORDERED** that the parties shall, by June 5, 2026, submit a proposed schedule for prompt supplementation of the administrative record, and for provision of the privilege log and responses to the interrogatories and requests for production.

**SO ORDERED**.

Date:  May 29, 2026

_____
**BERYL A. HOWELL**
United States District Judge