# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

URBAN SUSTAINABILITY DIRECTORS
NETWORK, et al.,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

    *Defendants*.

Case No. 1:25-cv-01775-BAH

## PLAINTIFFS' MOTION FOR SANCTIONS AND ADDITIONAL DISCOVERY

Pursuant to Federal Rules of Civil Procedure 16 and 37 and this Court's inherent powers, Plaintiffs move for adverse inferences that: (i) USDA had a policy to terminate DEI- and climate-related grants solely based on the presence of DEI- or climate-related terms in the grant material, which resulted in the termination of the grants identified in response to Plaintiffs' Second Interrogatory; and (ii) to the extent Defendants seek to rebut the presence or effect of that policy in individual instances, Defendants possess no other evidence than what is in the grants' termination letters, one of only two complete set of documents Defendants have produced to date. As explained in the attached points and authorities in support, Defendants' failure to comply with this Court's deadlines for discovery and to produce a complete administrative record has tainted the evidence, lacks innocuous explanations, constitutes bad faith, has the potential to unduly prejudice Plaintiffs, unduly burdens the Court, and reflects Defendants will not bring themselves into line. Therefore, an adverse inference is appropriate, and the above inference reflects the logic underlying adverse inferences and the record, and will best reduce the risk of undue prejudice to

1

Plaintiffs by resolving the outstanding factual issues and enabling the parties to move for final judgment.

Alternatively, pursuant to the same powers, the Court should impose monetary sanctions for any past and future missed deadlines. It should also order a single deposition of each individual responsible for terminating the DEI- and climate- related grants identified in response to Plaintiffs' Second Interrogatory to occur within two weeks of the restart of discovery, which will help offset Defendants' delays.

In addition to the any of the above, pursuant to Rules 16 and 37 and this Court's inherent powers, the Court should award Plaintiffs their attorneys' fees for preparing this motion. It should order that within five business days of this Court granting Plaintiffs' motion, Plaintiffs should provide Defendants the hours Plaintiffs spent on this motion and the attorneys' years of experience and Defendants must compensate Plaintiffs' counsel consistent with the United States Department of Justice's Fitzpatrick Matrix.

DATED: July 28, 2026

Respectfully submitted,

/s/ David S. Muraskin
David S. Muraskin
DC Bar No. 1012451
Holly Bainbridge
CA Bar No. 323201 (*Pro Hac Vice*)
Hannah Wolf
TX Bar. No. 24137413 (*Pro Hac Vice*)
FarmSTAND
712 H Street NE, Suite 2534
Washington, DC 20002
(202) 595-8816
david@farmstand.org
holly@farmstand.org
hannah@farmstand.org

Carrie Apfel

Scott W. Carlson
MN Bar No. 338400 (*Pro Hac Vice*)
Benjamin E. Apple
NC Bar No. 52009 (*Pro Hac Vice*)
Farmers Justice Center
6 Fifth Street West, Suite 650
St. Paul, MN 55102
(651) 204-1664
scott.carlson@farmersjustice.org
ben.apple@farmersjustice.org

*Counsel for all Plaintiffs*

Ben Grillot
D.C. Bar. No. 982114

DC Bar No. 974342
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
capfel@earthjustice.org

SOUTHERN ENVIRONMENTAL
LAW CENTER
500 New Jersey Ave. NW, Suite 600
Washington, DC, 20001
Telephone: (202) 828-8382
bgrillot@selc.org

*Counsel for Plaintiffs Agrarian Trust and RAFI-USA*

3