UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| URBAN SUSTAINABILITY DIRECTOR'S NETWORK et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKE ROLLINS, Secretary of Agriculture et al.,<br><br>Defendants. | Civil Action No. 25-1775 (BAH) |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants the Secretary of Agriculture, along with various lower-level officials and components within the Department of Agriculture, respectfully submit this answer to Plaintiffs' Amended Complaint (ECF No. 83) which alleges violations of the U.S. Constitution and the Administrative Procedure Act. 5. U.S.C. § 706. Defendants expressly deny each and every allegation in the Complaint not specifically admitted or otherwise qualified herein. Defendants reserve their right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of the litigation. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## INTRODUCTION[1]

1. This paragraph consists of Plaintiffs' characterization of this suit and the relief requested, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

2. Defendants admit that Plaintiffs received grant awards under the programs listed in this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that its actions were unlawful.

4. This paragraph consists of Plaintiffs' characterization of the termination letters they received. Defendants respectfully refer the Court to the termination letters for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

5. This paragraph consists of Plaintiffs' characterizations of letters that they received from the National Appeals Division. Defendants respectfully refer the Court to the letters for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

6. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

7. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

---

[1] For ease of reference, Defendants replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

8. The allegations in this paragraph are legal conclusions and Plaintiffs' requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**JURISDICTION AND VENUE**

9. The allegations in this paragraph are legal conclusions to which no response is required.

10. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

11. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

12. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

13. The allegations in this paragraph are legal conclusions to which no response is required.

**PARTIES**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that in 2023, Urban Sustainability Directors Network applied for and was awarded a five-year, $28 million award from the U.S. Forest Service under the Urban and Community Forestry Assistance. The remaining allegations in the second sentence consist of Plaintiffs' characterization of that award to which no response is required. Defendants admit the allegations in the third sentence of this paragraph.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. With respect to the second sentence, Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required. With respect to the third sentence of this paragraph, Defendants deny that Agroecology Commons ("AC") was awarded a Land Access Program grant in 2024 for $2,512,000. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. With respect to the fourth sentence, Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required. Defendants admit the allegations in the fifth sentence. The sixth, seventh, and eighth sentences of this paragraph characterize a press release cited in the Second Amended Complaint at fn. 2. Defendants respectfully refer to the press release as the best evidence of its contents. With respect to the eighth sentence of this paragraph, Defendants admit that AC has not received a termination notice.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the allegations in third sentence, Defendants admit that in 2023 Providence Farm Collective Corp. applied for and was awarded a three-year, $749,998 grant through NIFA's Beginning Farmer and Rancher Development Program for a project titled "Empowering Refugee, Immigrant, and Black Beginning Farmers through Personalized, Culturally Adapted Training and Education at PFC." The remaining allegations in the third sentence consist of Plaintiffs' characterization of its award for which no response is required. Defendants admit the allegations in the fourth sentence of this paragraph.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of this paragraph. With respect to the third sentence, Defendants admit that in Institute for Agriculture and Trade Policy applied for a grant through AMS's Partnership Program in 2023. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentence of this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that Farmers Cooperative received a Land Access Program grant in November of 2023. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved African Alliance of Rhode Island for a Land Access Program grant in November of 2023. The remaining allegations in the third sentence and the allegations in the fourth sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fifth and six sentences of this paragraph.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved Agrarian Trust for a Land Access Program grant in June of 2024. The remaining allegations in the third sentence consist of Plaintiffs'

characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved Arthur Morgan Institute for Community Solutions for a Land Access Program grant in November of 2023. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved Black Oregon Land Trust for a Land Access Program grant in 2023. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. With respect to the fourth sentence of this paragraph, Defendants deny that FSA approved the Center for Heirs' Property Preservation (CHP) for a Land Access Program grant in 2023. The remaining allegations in the fourth sentence consist of Plaintiffs' characterization of the award to which no response is required. Defendants admit the allegations in the fifth sentence of this paragraph and in the sixth sentence of this paragraph, Defendant admits that on March 23, 2026 CHP received a letter from USDA and FSA terminating its award.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved Cultivate Kansas City for a Land Access Program grant in 2023 for their proposed project, Filling the Gaps in Access to Land and Capital for Kansas City-Area Urban Farmers. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants admit the allegations in the third sentence. The allegations in the fourth sentence consist of Plaintiffs' characterization of the Land Access Grant it received to which no response is required. Defendants deny the allegations in the fifth sentence and admit the allegations in the sixth sentence of this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Regarding the allegations in the third sentence, Defendants admit the Grow Foods received a Land Access Program grant for a project entitled "From Surviving to Thriving: Capitalizing a new generation of farmers to address their core land and market access needs and catalyze long-term viability." The allegations in the fourth sentence consist of Plaintiffs' characterization of the Land Access Grant it received to which no response is required. Defendants admit the allegations in the fifth and sixth sentences of this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third

sentence, Defendants admit that FSA approved Hern Urban Fanning for a Land Access Program grant in 2023 for the project the St. Louis Urban Farmers Collective. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. With respect to the fourth sentence, Defendants admit that FSA approved H.O.P.E. for a Land Access Program grant in 2023. The remaining allegations in the fourth sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fifth and six sentences of this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that FSA approved Iowa Valley RC&D for a Land Access Program grant in 2023 for The New Century Farm: Creating a Viable Route to Land, Markets and Capital for Beginning and Underserved Farmers in Eastern IA at the Johnson County Historic Poor Farm. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence of this paragraph. Defendants admit that FSA approved Kansas Black Farmers Association (KBFA) for a Land Access Program award for their project Reclaiming the Heritage of Farming for the Underserved: A Regional Agricultural Partnership to Access Land,

Capital, Markets, and Education. The remaining allegations in the fourth sentence consist of Plaintiffs' characterization of that award to which no response is required. Regarding the fifth sentence of this paragraph, Defendants admit the amended award totaled $8,490,389.78. Regarding the sixth sentence of this paragraph, Defendant admits on March 23, 2026, that KBFA received a letter from USDA and FSA terminating its award.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. With respect to the second sentence, Defendants admit that King County, Washington received a Land Access Program grant signed in 2023. The remaining allegations in the second sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the third and fourth sentences of this paragraph.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that NDN Collective, Inc. received a Land Access Program grant in 2023 to fund its Pine Creek Ranch Land and Water Conservation Project. The allegations in the fourth sentence of this paragraph consist of Plaintiffs' characterization of that grant to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences. The allegations in seventh sentence consist of Plaintiffs' characterization of their grant to which no response is required. Defendants admit the allegations in the eighth and ninth sentences of this paragraph.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that Northeast Organic Farming Association of New Jersey received

a Land Access Program grant in 2023 for their project NJ Wildlife Management Area Land Access with Organic Farming Practices. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence of this paragraph, Defendants admit that OurSpace World, Inc. received a Land Access Program grant in 2023 for their project Creating a Mid-Atlantic Land-Access-to-Market Pipeline (LAMP) Program for Small-Scale Specialty Crop Farmers of the Black Diaspora. The allegations in the fourth sentence of this paragraph consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fifth and sixth sentences of this paragraph.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. Defendants deny the allegations in the fourth sentence and admit the allegations in the fifth sentence of this paragraph.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence of this paragraph, Defendants admit that San Diego Food System Alliance received a Land Access Program grant in 2023 for its project Local Food Economy Lab Land Access Initiative. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that Sustainable Iowa Land Trust received a Land Access Program for its project Decolonizing Iowa's Land Wealth: Financing Affordable Food Farms for the Next Generation of Farmers. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. Defendants deny the allegations in the third sentence. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph. With respect to the third sentence, Defendants admit that Urban Oasis Project Inc received a Land Access Program grant in 2023 for Moving Farmers from Surviving to Thriving in Miami-Dade County. The remaining allegations in the third sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. With respect to the second sentence of this paragraph, Defendants admit that Workin Rootz received a Land Access Program grant in 2023. The remaining allegations in the second sentence and the allegations in the third sentence

consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fourth and fifth sentences of this paragraph.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of this paragraph. With respect to the fourth sentence, Defendants admit that World Farmers received a Land Access Program grant in 2023 for its project Creating a Pathway to Land Ownership for Immigrants, Refugees, and Underserved Farmers in Massachusetts, Maine, New York, and Florida. The remaining allegations in the fourth sentence consist of Plaintiffs' characterization of that grant to which no response is required. Defendants admit the allegations in the fifth and sixth sentences of this paragraph.

42. Admit.

43. Admit.

44. Deny.

45. Defendants admit that Amy Gleason is the is the acting administrator of the U.S. DOGE Service and that she is sued in her official capacity. Defendants otherwise deny the allegations in this paragraph.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

## FACTUAL BACKGROUND

### I. USDA Awards

54. Admit.

55. The allegations in this paragraph are Plaintiffs' characterization of the programs that are the subject of this lawsuit. To the extent a response is deemed required, Defendants' respectfully refer the Court to the enabling statutes for each of the programs, which are identified in Part I(a) of the "Background" section of Defendants' memorandum in opposition to Plaintiffs motion for a preliminary injunction (ECF No. 22). Defendants deny the allegations in this paragraph to the extent that they contradict the plain text of those statutes.

56. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

57. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

58. Admit.

59. Admit.

60. Defendants deny the allegations in the final sentence of this paragraph but admit to the remaining allegations in this paragraph.

61. Deny.

62. Admit.

**A. Urban and Community Forestry Assistance Program**

63. Admit.

64. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

65. Admit.

66. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

67. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

68. The allegations in this paragraph are Plaintiffs' characterizations of a Notice of Funding Opportunity ("NOFO"). Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

69. Admit.

70. Admit.

71. Defendants deny that the Urban Forestry Assistance Program was intended to "increase equitable access to urban tree canopy in disadvantaged communities." Defendants admit the remaining allegations in this paragraph.

**B. Community Food Projects Competitive Grants Program**

72. Plaintiffs claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

73. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

74. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and this no response is required.

75. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

76. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

77. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

78. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

79. Plaintiffs' claims stemming from the Competitive Grants Program were dismissed as moot, Mem. Op. at 20 (ECF No. 116), and thus no response is required.

**C. Increasing Land and Capital and Market Access Program.**

80. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

81. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

82. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

83. Defendants admit the first sentence of the paragraph. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

84. Denied.

85. Admit.

86. Admit.

87. Defendants admit the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this sentence. The fourth sentence of this paragraph are Plaintiffs' characterizations of project goals to which no response is required.

88. Admit.

**D. Beginning Farmer and Rancher Development Program.**

89. The allegations in this paragraph are Plaintiffs' characterizations of statutes. Defendants respectfully refer the Court to the cited statutes as the best evidence of their contents and deny any allegations or characterizations inconsistent with the statutes' plain text.

90. Defendants admit the first sentence of the paragraph. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully

refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

91. The allegations in this paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

92. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

93. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

94. Admit.

95. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

**E. Regional Food Systems Partnership Program.**

96. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations or characterizations inconsistent with the statute's plain text.

97. The allegations in the second sentence of the paragraph are Plaintiffs' characterizations of a NOFO. Defendants respectfully refer the Court to the cited NOFO as the

best evidence of its contents and deny any allegations or characterizations inconsistent with the NOFO's plain text.

98. Admit.

**F. Regulations Applicable to Termination of Awards**

99. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

100. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

101. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

102. Admit.

103. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

104. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence

of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

105. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

106. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

107. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

108. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

109. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

110. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

111. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

112. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

113. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

114. The allegations in this paragraph are Plaintiffs' characterizations of a Federal Register notice. Defendants respectfully refer the Court to the notice as the best evidence of its contents and deny any allegations inconsistent therewith.

115. The allegations in this paragraph are legal conclusions to which no response is required.

116. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

117. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

118. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

119. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

120. The allegations in this paragraph are Plaintiffs' characterizations of federal regulations. Defendants respectfully refer the Court to the cited regulations as the best evidence of their contents and deny any allegations or characterizations inconsistent with the plain text of the regulations.

**II. Defendants' Termination of Federal Awards**

121. The allegations in this paragraph are characterizations of unidentified Executive Orders to which no response is required.

122. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

123. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

124. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

125. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

126. The allegations in the first sentence of this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith. Defendants deny the allegations in the second sentence.

127. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

128. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

129. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

130. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

131. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

132. The allegations in this paragraph are Plaintiffs' characterizations of an executive order. Defendants respectfully refer the Court to the cited executive order as the best evidence of its contents and deny any allegations inconsistent therewith.

**A. Defendants' Termination Policy In Response to the Executive Orders.**

133. The allegations in this paragraph are Plaintiffs' characterizations of press releases. Defendants respectfully refer the Court to the cited press releases as the best evidence of their contents and deny any allegations inconsistent therewith.

134. Deny.

135. Defendants admit that among the methods used to identify grants to review for and possible termination, a variety of search terms were used. The remaining allegations in this paragraph are Plaintiffs' characterization of search terms. Defendants respectfully refer the Court to the search terms as the best evidence of their contents and deny any allegations inconsistent therewith.

136. Defendants admit that among the methods used to identify grants to review for and possible termination, Defendants instructed staff to attempt to identify active awards funding certain activities. The remaining allegations in this paragraph are Plaintiffs' characterizations of written instructions Defendants purportedly provided to staff. Defendants respectfully refer the Court to the purported instructions as the best evidence of its contents and deny any allegations inconsistent therewith.

137. With respect to the first sentence of this paragraph, Defendants admit that among the methods used to identify grants to review for possible termination, Defendants instructed staff to insert information into certain spreadsheets. The allegations in the second and third sentences of this paragraph are Plaintiffs' characterizations of a purported spreadsheet. Defendants respectfully refer the Court to the purported spreadsheet as the best evidence of its contents and deny any allegations inconsistent therewith. Defendants deny the allegations in the last sentence of this paragraph.

138. Deny.

139. The allegations in this paragraph are Plaintiffs' characterizations of a memorandum from the Secretary of Agriculture. Defendants respectfully refer the court to the memorandum itself as the best evidence of its contents and deny any allegations inconsistent therewith.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

141. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

**B. Defendants' Initial Application of the Termination Policy.**

142. Defendants deny that Plaintiffs grants were terminated pursuant to any policy. The remaining allegations in this paragraph are Plaintiffs' characterization of a website. Defendants respectfully refer the Court to the website as the best evidence of its contents and deny any allegations inconsistent therewith.

143. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

144. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

145. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

146. The allegations in this paragraph are Plaintiffs' characterizations of emails and termination letters. Defendants respectfully refer the Court to the cited emails and termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

147. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

148. Admit

149. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

150. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

151. Admit

152. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

153. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

154. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

155. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter and Federal regulations. Defendants respectfully refer the Court to the cited termination letter and Federal regulations as the best evidence of their contents and deny any allegations inconsistent therewith.

156. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

157. Defendants admit the first two sentences of this paragraph. Defendants deny the third sentence of this paragraph.

158. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

159. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

160. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

161. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

162. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

163. The allegations in this paragraph pertain to a Plaintiff whose claims have been dismissed, Order (ECF No. 115) and thus no response is required.

164. Admit.

165. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

166. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

167. Admit as to everything in this paragraph except the last sentence, which Defendants deny.

168. Admit.

169. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

170. Admit.

171. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

172. Admit.

173. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

174. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith. Defendants admit that AC did not receive a termination letter.

175. Defendants admit the allegations in the first sentence of this paragraph. The second, third, and fourth sentences of this paragraph characterize a press release cited in the Second Amended Complaint at fn. 18 and 19. Defendants respectfully refer the Court to the press release as the best evidence of its contents. With respect to the fifth sentence of this paragraph, Defendants admit that AC has not received a termination notice. The allegations in the sixth sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

176. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

177. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

178. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

179. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

180. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

181. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

182. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

183. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

184. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

185. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

186. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

187. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

188. The allegations in this paragraph are Plaintiffs' characterizations of a termination letter. Defendants respectfully refer the Court to the cited termination letter as the best evidence of its contents and deny any allegations inconsistent therewith.

189. The allegations in the first two sentences of this paragraph contain Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith. The allegations in the final two sentences of this paragraph contain legal conclusions

to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in these sentences.

190. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

191. The allegations in this paragraph characterize a memorandum and a statute. Defendants respectfully refer the Court to the memorandum and statute as the best evidence of their contents and deny any allegation inconsistent therewith.

192. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

193. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

194. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

195. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

196. The allegations in this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the cited termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

197. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second and third sentences of this paragraph are Plaintiffs' characterizations of appeal responses. Defendants respectfully refer the Court to the cited responses as the best evidence of their contents and deny any allegations inconsistent therewith. The allegations in the last sentence of this paragraph are legal conclusions to which no response is required.

**FIRST CAUSE OF ACTION**
**Violation of Due Process Clause**
**By All Plaintiffs Against All Defendants**

198. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

199. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

200. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

201. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

202. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

203. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

204. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

205. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

206. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

**SECOND CAUSE OF ACTION**
**Violation of Due Process Clause – Void for Vagueness**
**By All Plaintiffs Against All Defendants**

207. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

208. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

209. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

210. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

211. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

212. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

213. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

214. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

215. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

**THIRD CAUSE OF ACTION**
**Violation of 7 U.S.C. § 6999, and violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**Agency Actions Not in Accordance with Law (Uniform Guidance, 2 C.F.R. § 400.1)**
**By All Plaintiffs Against All Defendants**

216. The responses to all preceding paragraphs are incorporated by reference herein.

217. The allegations in this paragraph are legal conclusions to which no response is required.

218. The allegations in this paragraph are legal conclusions to which no response is required.

219. Admit

220. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

221. The allegations in this paragraph are legal argument to which no response is required.

222. The allegations in this paragraph are legal argument to which no response is required.

223. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

224. The allegations in this paragraph are legal conclusions to which no response is required.

225. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

226. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

227. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

228. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

229. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

230. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## FOURTH CAUSE OF ACTION
**Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**
**Agency Action that is Arbitrary and Capricious and an Abuse of Discretion**
**By Plaintiffs USDN, AC, PFC, and IATP against All Defendants**

231. The responses to all preceding paragraphs are incorporated by reference herein.

232. The allegations in this paragraph are legal conclusions to which no response is required.

233. The allegations in this paragraph are legal conclusions to which no response is required.

234. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

235. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

236. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**FIFTH CAUSE OF ACTION**
**Violation of 7 U.S.C. § 6999 and Administrative Procedure Act, 5 U.S.C. § 706(2)(A) Agency Action that is Arbitrary and Capricious and an Abuse of Discretion By Land Access Program Plaintiffs Against All Defendants**

237. The responses to all preceding paragraphs are incorporated by reference herein.

238. The allegations in this paragraph are legal conclusions to which no response is required.

239. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that the grant terminations were within the National Appeals Division's jurisdiction.

240. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

241. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

242. The allegations in this paragraph are legal conclusions to which no response is required.

243. The allegations in this paragraph are legal conclusions to which no response is required.

244. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

245. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

246. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

247. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

248. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

249. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

250. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

**SIXTH CAUSE OF ACTION**
**Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A) Agency Action that is Arbitrary and Capricious and an Abuse of Discretion By All Plaintiffs Against All Defendants**

251. The responses to all preceding paragraphs are incorporated by reference herein.

252. The allegations in this paragraph are legal conclusions to which no response is required.

253. The allegations in this paragraph are legal conclusions to which no response is required.

254. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

255. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

256. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION

**Violation of 7 U.S.C. § 6999 and Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A) Agency Action Not in Accordance with Law (Cooperative Forestry Assistance Act of 1978 and Inflation Reduction Act of 2022) By USDN Against USDA and USFS; By AC and Additional Land Access Program Plaintiffs Against USDA and FSA**

257. The responses to all preceding paragraphs are incorporated by reference herein.

258. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

259. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

260. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required Defendants admit the allegations in this paragraph but deny that they failed to comply with their statutory mandate.

261. Admit.

262. Defendants admit that the grants were terminated because they no longer effectuated agency priorities. Defendants otherwise deny the allegations in this paragraph.

263. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

264. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

265. The allegations in this paragraph are Plaintiffs' characterizations of a statute. Defendants respectfully refer the Court to the cited statute as the best evidence of its contents and deny any allegations inconsistent with the statute's plain meaning.

266. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required Defendants admit the allegations in this paragraph but deny that they failed to comply with their statutory mandate.

267. The allegations in this paragraph are legal conclusions to which no response is required.

268. Regarding the first sentence of this paragraph, Defendants admit that 49 out of 50 Land Access Program awards have been terminated. The remaining allegations in the first sentence, and the allegations in the second sentence are Plaintiffs' characterizations of a press release. Defendants respectfully refer the Court to the press release as the best evidence of its contents and deny any allegations inconsistent therewith. The allegations in the final sentence of this paragraph are Plaintiffs' characterizations of termination letters. Defendants respectfully refer the Court to the termination letters as the best evidence of their contents and deny any allegations inconsistent therewith.

269. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required Defendants admit the allegations in this paragraph but deny that they failed to comply with their statutory mandate.

270. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

271. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

272. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## EIGHTH CAUSE OF ACTION
**Violation of Separation of Powers By USDN Against USDA and USFS; By AC and Land Access Program Plaintiffs Against USDA and FSA**

273. The responses to all preceding paragraphs are incorporated by reference herein.

274. The allegations in this paragraph are legal argument to which no response is required.

275. The allegations in this paragraph are legal argument to which no response is required.

276. The allegations in this paragraph are legal argument to which no response is required.

277. The allegations in this paragraph are Plaintiffs' characterizations of the 2022 appropriation to the Urban Forestry Assistance Program. Defendants respectfully refer the Court to that appropriation at Section 23003(a)(2) of the Inflation Reduction Act, Pub. L. No. 117-169, 136 Stat. 1818 (Aug. 16, 2022) and deny any allegations inconsistent therewith.

278. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

279. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

280. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

281. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## NINTH CAUSE OF ACTION
**Ultra Vires Action (In the alternative) By USDN Against USDA and USFS; By AC and Land Access Program Plaintiffs Against USDA and FSA**

282. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

283. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

284. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

285. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

286. The allegations in this paragraph pertain to a claim that has been dismissed, Order (ECF No. 115), and thus no response is required.

## REQUESTS FOR RELIEF

The remaining allegations in the complaint are Plaintiffs' requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' challenge to their grant terminations because those grants are contracts and breach of contract claims against the federal government must be brought in the Court of Federal Claims.

### SECOND DEFENSE

All actions taken by Defendants with respect to Plaintiffs were rendered in accordance with law, in good faith, and are supported by the administrative record.

### THIRD DEFENSE

Plaintiffs lack standing to challenge the termination of any grants other than their own grants.

### FOURTH DEFENSE

All actions taken by Defendants were supported by substantial evidence.

### FIFTH DEFENSE

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: October 27, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ John J. Bardo
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*